JOHN H. GUIN, ISB #5753
LAW OFFICE OF JOHN H. GUIN, PLLC
601 West 1st Ave., Suite 1400
Spokane, WA 99201
Telephone: (509) 570-7455
Facsimile: (509) 570-7401
Email: john@guinlaw.com

*Attorney for Plaintiff United States of America for the use and benefit of Mountain Utilities, Inc.*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, for the use and benefit of MOUNTAIN UTILITIES, INC., a Washington corporation,<br><br>Plaintiff,<br><br>vs.<br><br>FIDELITY AND DEPOSIT COMPANY OF MARYLAND, an Illinois corporation; ZURICH AMERICAN INSURANCE COMPANY, a New York corporation; AMERICAN HOME ASSURANCE COMPANY, a New York corporation; WOOD ENVIRONMENT & INFRASTRUCTURE SOLUTIONS, INC., a Nevada corporation; AMEC FOSTER WHEELER ENVIRONMENT & INFRASTRUCTURE, INC., a Nevada corporation; ANDERSON | Case No.<br><br>COMPLAINT:<br>(1) AGAINST MILLER ACT BOND; AND<br>(2) FOR DAMAGES FOR BREACH OF CONTRACT<br><br>AND JURY DEMAND |

ENVIRONMENTAL CONTRACTING, LLC, a Washington limited liability company,

Defendants.

MOUNTAIN UTILITIES, INC. ("Mountain Utilities"), Use Plaintiff herein, files this COMPLAINT against defendants FIDELITY AND DEPOSIT COMPANY OF MARYLAND ("Fidelity"); ZURICH AMERICAN INSURANCE COMPANY ("Zurich"); AMERICAN HOME ASSURANCE COMPANY ("American") (collectively "Sureties"); WOOD ENVIRONMENT & INFRASTRUCTURE SOLUTIONS, INC. ("Wood"); AMEC FOSTER WHEELER ENVIRONMENT & INFRASTRUCTURE, INC. ("AMEC"); and ANDERSON ENVIRONMENTAL CONTRACTING, LLC ("Anderson").

## I. JURISDICTION AND VENUE

1. Mountain Utilities' First Claim for Relief is brought pursuant to 40 U.S.C. § 3131 through 40 U.S.C. § 3134, commonly known as the Miller Act. Pursuant to 28 U.S.C. § 1331, this Court therefore has jurisdiction over this action. Also, this is an action on a payment bond under the Miller Act, and pursuant to 28 U.S.C. § 1352, this Court has jurisdiction over this action.



LAW OFFICE OF JOHN H. GUIN, PLLC
601 WEST 1ST AVE., SUITE 1400
SPOKANE, WA 99201
(509) 570-7455

2. Mountain Utilities' Second Claim for Relief is brought pursuant to 28 U.S.C. § 1367(a) on the basis of supplemental jurisdiction, because the Miller Act claim and the state-law breach of contract claim arise from the same construction project and form part of the same case or controversy.

3. This civil action relates to the project known as the Bunker Hill Central Treatment Plant Upgrade Project (Contract No. W912DW-16-C-0012) ("Project"). All or a substantial part of the events giving rise to the claims in this action occurred in this judicial district, a substantial part of the Project is situated in this judicial district, and the contract at issue was substantially performed in this judicial district. Accordingly, venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) and 40 U.S.C. § 3133(b)(3).

## II. PARTIES

4. Mountain Utilities is a Washington corporation with its principal place of business at 10212 N. Waikiki Road, Spokane, Washington. Mountain Utilities is a licensed contractor and is authorized to transact business in the State of Idaho. Mountain Utilities has satisfied all conditions necessary to maintain this action.



LAW OFFICE OF JOHN H. GUIN, PLLC
601 WEST 1ST AVE., SUITE 1400
SPOKANE, WA 99201
(509) 570-7455

5. Defendant Fidelity is a foreign insurance company with its principal place of business in the State of Illinois. At all times material hereto, Fidelity was transacting business in this judicial district.

6. Defendant Zurich is a foreign insurance company with its principal place of business in the State of New York. At all times material hereto, Zurich was transacting business in this judicial district.

7. Defendant American is a foreign insurance company with its principal place of business in the State of New York. At all times material hereto, American was transacting business in this judicial district.

8. Defendant Wood is a Nevada corporation with its principal place of business at 751 Arbor Way, Suite 180, Blue Bell, Pennsylvania. At all times material hereto, Wood was transacting business in this judicial district.

9. Defendant AMEC is a Nevada corporation with its principal place of business at 751 Arbor Way, Suite 180, Blue Bell, Pennsylvania. At all times material hereto, AMEC was transacting business in this judicial district.

10. Defendant Anderson is a Washington limited liability company with its principal place of business at 705 Colorado Street, Kelso, Washington. At all time material hereto, Anderson was transacting business in this judicial district.



LAW OFFICE OF JOHN H. GUIN, PLLC
601 WEST 1ST AVE., SUITE 1400
SPOKANE, WA 99201
(509) 570-7455

## III. GENERAL ALLEGATIONS

11. Mountain Utilities incorporates by reference each and every allegation contains in paragraphs 1 through 7 above.

12. AMEC is party to a written contract (hereinafter, the "Main Contract") with the United States Army Corps of Engineers ("USACE") and agreed to furnish all labor, materials, and equipment and to perform all work required for the construction, alteration, or repair of the Project, which work was and is a public building or public work within the meaning of 40 U.S.C. § 3134 (hereinafter, the "Miller Act"). Based on information and belief, Wood is a successor in interest to AMEC and is also party to the Main Contract.

13. Based on information and belief, pursuant to the Miller Act, defendants Wood/AMEC, as principal, and defendants Fidelity, Zurich, and American, as sureties, executed that certain payment bond identified as Bond No. 9238608 / 931071 (the "Miller Act Bond"), under which Wood/AMEC and Fidelity, Zurich, and American, in their respective capacities as principal and surety, bound themselves, jointly and severally, to the United States of America, for the penal sum of $48,409,58.47, guaranteeing payment to a certain class of persons, including Mountain Utilities, who furnished labor, materials, or both in the prosecution of the work on the Project.



LAW OFFICE OF JOHN H. GUIN, PLLC
601 WEST 1ST AVE., SUITE 1400
SPOKANE, WA 99201
(509) 570-7455

14. The Miller Act Bond was delivered to the USACE and accepted by it.

15. Wood/AMEC is party to a written subcontract agreement with Anderson, by the terms of which Anderson agreed to furnish certain labor, materials, and equipment and to perform a portion of site civil work required for the construction, alteration, or repair of the Project.

16. On or about June 20, 2018, Mountain Utilities and Anderson entered into a sub-subcontract ("Sub-Subcontract"), by the terms of which Mountain Utilities agreed to furnish certain labor, materials, and equipment and to perform a portion of the site utility scope of work for the Project.

17. Of the total amount due for the labor, materials, and equipment furnished by Mountain Utilities under the Sub-Subcontract and incorporated into the Project, the sum of $254,597.28 is due, owing, and unpaid, exclusive of interest, costs, attorney's fees, and suspension of work costs.

18. Within 90 days of the last date of furnishing labor or materials, Mountain Utilities provided notice under 40 U.S.C. § 3133(b)(2) to Wood/AMEC, in writing and with third-party verification of delivery, at the place where Wood/AMEC entertains an office or conducts business.



LAW OFFICE OF JOHN H. GUIN, PLLC
601 WEST 1ST AVE., SUITE 1400
SPOKANE, WA 99201
(509) 570-7455

19. More than 90 days and less than one year has elapsed from the date in which Mountain Utilities last furnished labor and material in the prosecution of the work to the date of filing of this action.

20. Work on the project has been under a suspension of indefinite duration since December 2018. As a result, Mountain Utilities has incurred and continues to incur suspension of work costs, in an amount yet to be determined.

## IV. CAUSES OF ACTION

### First Claim for Relief: Action on Miller Act Payment Bond against Defendants Fidelity, Zurich, American, Wood, and AMEC

21. Mountain Utilities incorporates by reference each and every allegation contains in paragraphs 1 through 20 above.

22. Mountain Utilities is a proper claimant under the Miller Act Bond.

23. Under the Miller Act, defendants Wood/AMEC, as principal, and defendants Fidelity, Zurich, and American, as sureties, executed the Miller Act Bond, as required by the Miller Act, under which Wood/AMEC and Fidelity, Zurich, and American, in their respective capacities as principal and surety bound themselves, jointly and severally, to the United States of America.

24. The Miller Act Bond was delivered to the USACE and accepted by it.



LAW OFFICE OF JOHN H. GUIN, PLLC
601 WEST 1ST AVE., SUITE 1400
SPOKANE, WA 99201
(509) 570-7455

25. Mountain Utilities, in accordance with its Sub-Subcontract, provided to Anderson all labor, materials, and equipment to perform the work required by the Sub-Subcontract. Mountain Utilities fully and timely provided all work required, at Anderson's direction and with its knowledge. The work performed by Anderson was required under the terms of the contract between Wood/AMEC and the United States and for the prosecution of the work.

26. Of the total amount due for the labor, materials, and equipment provided by Mountain Utilities under its Sub-Subcontract and incorporated into the Project, the sum of $254,597.28 is due, owing, and unpaid, exclusive of interest, costs, attorney's fees, and suspension of work costs.

27. Defendants Wood/AMEC and Fidelity, Zurich, and American are obligated under the Miller Act Bond to pay Mountain Utilities, as claimant, for its Sub-Subcontract work on the Project.

28. Despite receiving notice, defendants Wood/AMEC, as principal, failed to promptly make payment to Mountain Utilities for the work performed and incorporated into the Project.

29. Mountain Utilities has performed all terms and conditions of its Sub-Subcontract and the Miller Act Bond and has made demand for payment. Despite its demand, payment has not been made to Mountain Utilities.



LAW OFFICE OF JOHN H. GUIN, PLLC
601 WEST 1ST AVE., SUITE 1400
SPOKANE, WA 99201
(509) 570-7455

30. Accordingly, defendants Wood/AMEC and Fidelity, Zurich, and American breached the Miller Act Bond, and as a result, defendants Wood/AMEC and Fidelity, Zurich, and American are liable, jointly and severally, to Mountain Utilities under the Miller Act and the Miller Act Bond for an amount to be determined at the time of trial, but no less than $254,597.28, together with allowable costs, disbursements, interest, and attorney fees.

**Second Claim for Relief:**
**Action on Subcontract against Defendant Anderson**

31. Mountain Utilities incorporates by reference each and every allegation contains in paragraphs 1 through 30 above.

32. Mountain Utilities, in accordance with its Sub-Subcontract, provided to Anderson all labor, materials, and equipment to perform the work required by the Sub-Subcontract. Mountain Utilities fully and timely provided all work required, at Anderson's direction and with its knowledge.

33. Mountain Utilities has performed all terms and conditions of its Sub-Subcontract and has made demand for payment. Despite its demand, payment has not been made to Mountain Utilities.

34. Accordingly, defendant Anderson breached the Sub-Subcontract, and as a result, defendant Anderson is liable to Mountain Utilities under the Sub-Subcontract for an amount to be determined at the time of trial, but no less than



LAW OFFICE OF JOHN H. GUIN, PLLC
601 WEST 1ST AVE., SUITE 1400
SPOKANE, WA 99201
(509) 570-7455

$254,597.28, together with allowable costs, disbursements, interest, and attorney fees.

**JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Use Plaintiff Mountain Utilities, Inc. hereby demands a trial by jury in the above-captioned action of all issues triable by jury.

**REQUEST FOR RELIEF**

WHEREFORE, Mountain Utilities requests that the Court provide relief as follows:

1. For judgment against defendants Wood, AMEC, Fidelity, Zurich, and American, jointly and severally, in an amount to be proven at the time of trial, but no less than $254,597.28, plus ongoing suspension of work damages, together with allowable costs, disbursements, interest, and attorney fees.

2. For judgment against defendant Anderson, in an amount to be proven at the time of trial, but no less than $254,597.28, plus ongoing suspension of work damages, together with allowable costs, disbursements, interest, and attorney fees.



LAW OFFICE OF JOHN H. GUIN, PLLC
601 WEST 1ST AVE., SUITE 1400
SPOKANE, WA 99201
(509) 570-7455

3. For such other relief as the Court deems just and equitable.

DATED this 26th day of July, 2019.

*/s/ John H. Guin*

JOHN H. GUIN, ISB #5753
LAW OFFICE OF JOHN H. GUIN, PLLC
601 West 1st Ave., Suite 1400
Spokane, WA 99201
Telephone: (509) 570-7455
Facsimile: (509) 570-7401
Email: john@guinlaw.com

*Attorney for Plaintiff United States of America for the use and benefit of Mountain Utilities, Inc*