UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

UNITED STATES OF AMERICA, for
the use and benefit of MOUNTAIN
UTILITIES, INC., a Washington
corporation,

        Plaintiff,

        v.

FIDELITY AND DEPOSIT COMPANY
OF MARYLAND, an Illinois
corporation; ZURICH AMERICAN
INSURANCE COMPANY, a New York
corporation; AMERICAN HOME
ASSURANCE COMPANY, a New York
corporation; WOOD ENVIRONMENT
& INFRASTRUCTURE SOLUTIONS,
INC., a Nevada corporation; AMEC
FOSTER WHEELER ENVIRONMENT
& INFRASTRUCTURE, INC., a Nevada
corporation; ANDERSON
ENVIRONMENTAL CONTRACTING,
LLC, a Washington limited liability
company,

        Defendants.

Case No. 2:19-cv-00293-RCT

**MEMORANDUM DECISION AND
ORDER ON ATTORNEY FEES**

The Court has before it Mountain Utilities, Inc.'s Motion for Attorney Fees

(Dkt. 243).  Plaintiff Mountain Utilities filed this action against Defendant

Anderson Environmental Contracting, LLC for breach of contract and against

Defendants Wood Environment & Infrastructure Solutions, Inc. and American

Home Assurance Company, Fidelity and Deposit Company of Maryland, and Zurich American Insurance Company (collectively "Wood Sureties") under the Miller Act, 40 U.S.C. § 3131 et seq., after it was not paid for all construction work it performed on the Bunker Hill Central Treatment Plant Upgrade Project ("Project") near Kellogg, Idaho.  After a four-day jury trial, the jury returned a verdict for Mountain Utilities against Wood and the Wood Sureties under the Miller Act for $307,537.05, and the Court awarded prejudgment interest at the Idaho statutory rate of 12% per annum.

As the prevailing party in the action, Mountain Utilities has now filed the present motion seeking to recover attorney fees in the amount of $ $98,970.00.[1] Wood and the Wood Sureties assert two grounds upon which the court should decline to award Mountain Utilities' attorney fees in the amount requested.  First, they argue that the Miller Act does not provide for an award of attorney fees to a successful plaintiff.  Second, they argue that Mountain Utilities failed on its breach of contract claims against Anderson and, therefore, it is not entitled to its attorney fees for prosecution of these claims.  Each of these arguments is addressed and rejected below.

---

[1]     Mountain Utilities also filed a Bill of Costs seeking recovery of taxable costs that will be addressed separately by the Clerk of the Court.

Having reviewed the parties' briefs and the record in this matter, the Court concludes that oral argument is not necessary.  Accordingly, the Court will grant Mountain Utilities' motion and award it attorney fees in the amount of $97,470.00.

## I.    Mountain Utilities is entitled to attorney fees

The Millet Act itself does not provide for attorneys' fees.  *F.D. Rich. Co., Inc. v. United Stated ex rel. Industrial Lumber Co., Inc.*, 417 U.S. 116, 1126 (1974).  Nevertheless, under federal law the so-called American Rule of fees applies.  According to the American Rule, "fees are available . . . when authorized by statute or an enforceable contract or, in the absence of either of these sources, when the losing party has acted in bad faith or the successful party has conferred a substantial benefit on a class of individuals."  *United States ex rel. Reed v. Callahan*, 884 F.2d 1180, 1185 (9th Cir. 1989).

Mountain Utilities argues that it has a contractual right to attorney fees in its Sub-Subcontract with Anderson under Section U.2, and alternatively that it has a statutory right to fees because it prevailed in a dispute arising from a commercial transaction under I.C. §12-120(3).  (Dkt. 243 at 2–3).  But the Court will not address the merits of either of these two arguments.  Instead, the Court finds that Mountain Utilities is entitled to attorney fees because Wood acted in bad faith and Mountain Utilities conferred a substantial benefit based on the work it did on the United States Army Corps of Engineers Project for which Wood served as the Prime Contractor.

Trial courts have the "inherent power to sanction abusive and egregious behavior by a litigant by awarding attorneys' fees, not from any substantive provision of the Miller Act." *Tacon Mech. Contractors, Inc. v. Aetna Cas. and Sur. Co.*, 65 F.3d 486, 489 (5th Cir. 1995).  The exercise of such power is within the discretion of the trial court when a party "'has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Id.* (quoting *F.D. Rich*, 417 U.S. at 129).

This Court's Findings of Fact and Conclusions of Law articulate how Wood breached its duty of good faith and fair dealing with respect to how it dealt with Mountain Utilities and other subcontractors who worked on the Project.  (Dkt. 248, ¶¶ 29, 83, 87–90, 104, 114, 145–46, 149–53, 185).  Based on the facts recounted therein, the Court concludes that Wood did not administer the Project in good faith and did not fairly deal with its contractors and sub-contractors.  This is because Wood knowingly rushed the work to bid without a workable schedule, inevitably resulting in delays and extra costs for Mountain Utilities.  Wood was also several million dollars under water as the design-builder for the Project, and therefore attempted to squeeze its contractors and sub-contractors in an effort to staunch the enormous losses it faced in completing the Project.  This included not paying Mountain Utilities in a timely fashion and holding onto invoices for months without disputing or providing any explanation to the unpaid contractors for the holdup in payments.  These Findings and Conclusions of bad faith on the part of Wood provide an independent basis under the American rule to award Mountain

Utilities its attorney fees in this case.  *See Reed*, 884 F.2d at 1185; *Tacon Mech.*, 65 F.3d at 489.

## II.    Mountain Utilities' fees are reasonable

The party seeking fees has the burden of submitting evidence to establish the claimed rates and hours expended are reasonable.  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  The opposing party has the burden of rebuttal and must submit evidence challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party.  *Gates v. Deukmejian*, 987 F.2d 1392, 1397–98 (9th Cir. 1992).

In the Ninth Circuit, the proper method for determining reasonable attorney fees is the two-step "lodestar method."  *Id.* at 1397.  First, the court must evaluate whether the rate charged and the hours expended by the attorneys were reasonable.  *Id.*  The hourly rate and the hours expended are then multiplied to establish an initial estimate of the value of the attorney's fees.  *Id.*  This lodestar figure is a presumptively reasonable fee.  *Id.*

Wood and the Wood Sureties do not contest the reasonableness of Mountain Utilities' attorney fees, either in terms of hourly rate or hours spent on the case.  Nor would such a challenge be successful:  Mountain Utilities' counsel spent less than 330 hours to advance this case to conclusion and the rate of $300/hour charged by Mountain Utilities' counsel is below market for attorneys whose practice is primarily related to complex construction disputes.  (Dkt. 243-2, Guin

Decl., ¶ B).  In the Court's experience, the record trenchantly supports the finding that Mr. Guin exercised extraordinary judgment in prosecuting the action leanly staffed and selectively targeting what he devoted his efforts toward in securing an outstanding result for his client.

Wood and the Wood Sureties instead ask the Court to discount Mountain Utilities' otherwise reasonable fee request by 50% based on the argument that 50% of the time spent by Mountain Utilities in the case related to its breach of contract claim against Anderson.  But this argument ignores the fact that Wood and the Wood Sureties denied Mountain Utilities' claims under the Miller Act on the basis that it was not entitled to compensation under the Sub-Subcontract.  Each of these defendants alleged, as an affirmative defense, that they "may assert against Plaintiff any defenses that Defendant Anderson may have against the Plaintiff under the Sub-Subcontract, applicable law, or otherwise."  (Dkt. 14, 15), and they maintained this position through trial.  (Dkt. 179).  As a result, Mountain Utilities was compelled to prove its right to compensation under the Sub-Subcontract and the compensable damages in order to prove its case under the Miller Act.  By its verdict, the jury decided it had done so.

Furthermore, when a lawsuit involves a common core of facts and related legal theories which requires counsel's time to be devoted to the litigation as a whole, allocating time between successful and unsuccessful claims is not necessary.  *City of Riverside v. Rivera*, 477 U.S. 561, 567–69 (1986) (quoting

*Hensley,* 461 U.S. at 435).  Instead, the focus should be on "the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation."  *Hensley*, 461 U.S. at 435.

This case clearly involved common questions of fact and related legal theories, particularly in light of the defenses asserted by Wood and the Wood Sureties.  Mountain Utilities' "has obtained excellent results, [its] attorney should recover a fully compensatory fee, and that the fee award should not be reduced simply because [Mountain Utilities] failed to prevail on every contention raised in the lawsuit."  *Rivera*, 477 U.S. at 5669 (simplified).

That said, Mountain Utilities concedes that it spent approximately five hours of counsel time solely on Anderson's pay-if-paid defense.  (Dkt. 254 at 10).  The Court therefore will discount for the pay-if-paid defense of Anderson 5 hours of Mr. Guin's time or $1,500.00 in Mountain Utilities' requested fees.

/

/

/

/

/

/

/

Mountain Utilities' Motion for Attorney Fees (Dkt. 243) is GRANTED in all other respects and it is awarded its attorney fees in the amount of $97,470.00.  A Second Amended Judgment in the form attached shall be entered to reflect the addition of those fees.

**IT IS SO ORDERED.**

DATED: August 31, 2022

Richard C. Tallman
United States Circuit Judge