UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, for the use and benefit of MOUNTAIN UTILITIES, INC., a Washington corporation,<br><br>    Plaintiff,<br><br>v.<br><br>FIDELITY AND DEPOSIT COMPANY OF MARYLAND, an Illinois corporation; ZURICH AMERICAN INSURANCE COMPANY, a New York corporation; AMERICAN HOME ASSURANCE COMPANY, a New York corporation; WOOD ENVIRONMENT & INFRASTRUCTURE SOLUTIONS, INC., a Nevada corporation; AMEC FOSTER WHEELER ENVIRONMENT & INFRASTRUCTURE, INC., a Nevada corporation; ANDERSON ENVIRONMENTAL CONTRACTING, LLC, a Washington limited liability company,<br><br>    Defendants. | Case No. 2:19-cv-00293-RCT<br><br>**MEMORANDUM DECISION AND ORDER ON MOTIONS FOR ATTORNEY FEES** |

The Court has before it Defendant Anderson Environmental Contracting's (AEC) and its insurer Third-Party Defendant Travelers Casualty and Surety Company of America's (Travelers) Motions for Attorney Fees—respectively Dkts.

MEMORANDUM DECISION AND ORDER ON ATTORNEY FEES - 1

260 and 263.  AEC requests $1,161,093.00 and Travelers requests $285,542.50 in attorney fees for the trial of the case as prevailing parties.

For the reasons given below, and based on the briefing and oral argument afforded to counsel at a hearing conducted on November 21, 2022, the Court finds and awards AEC $1,044,983.70 in reasonable attorney fees for trial in addition to another $167,454.88 in attorney fees for Production 9 late discovery sanctions imposed on the Wood defendants, Dkt. 185, for a total of $1,212,438.58.  The Court awards Travelers $256,988.25 in reasonable attorney fees.  Cost bills are separately determined in an order filed contemporaneously with this decision.

## LEGAL STANDARD

Parties seeking attorney fees must "specify the judgment and the statute, rule, or other grounds entitling the movant to the award."  Fed. R. Civ. P. 54(d)(2)(B)(ii).  District courts can impose a 10 percent reduction—a "haircut"—using their discretion.  *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008).

In this diversity action for breach of contract, Idaho law governs.  *Interform Co. v. Mitchell*, 575 F.2d 1270, 1280 (9th Cir. 1978).  Idaho law provides for recouping attorney fees "in any civil action to recover on [a] … contract relating to the purchase or sale of goods … or services and in any commercial transaction unless otherwise provided by law."  Idaho Code § 12-120(3).  A commercial transaction is defined as "all transactions except transactions for personal or

household purposes." *Id*. Wood's counsel did not dispute application of Idaho law to this breach of contract claim.

The lodestar method is used to determine reasonable attorney fees. *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992). To determine whether a rate is reasonable, the Court examines the "experience, skill and reputation of the attorney requesting fees" in addition to the prevailing market rate. *Trevino v. Gates*, 99 F.3d 911, 924 (9th Cir. 1996) (citation omitted); *Blum v. Stenson*, 465 U.S. 886, 895 (1984). Those hourly rates are then multiplied by hours reasonably expended in the litigation.

## DISCUSSION

The aspiration of the Federal Rules of Civil Procedure to guide how cases should be litigated is set forth in Rule 1. Civil litigation should be conducted in a manner intended to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. The parties failed to heed that admonition.

To illustrate the point, because the parties filed nineteen pre-trial motions totaling over 2,600 pages of briefing and appendices, the Court had to enter an order, Dkt. 178, requiring the parties to seek permission before filing any further motions. Each of the chief protagonists moved to strike and exclude all expert witnesses endorsed to testify at trial. Dkt. 185 at 23. The Court found every such expert qualified to opine on issues that typically arise in construction cases. The

Court was left to wonder what the point was in moving in limine to exclude necessary qualified witnesses whose expertise the Court found helpful in resolving the many claims presented.

As the Court previously noted during pre-trial proceedings on March 28, 2022—with one exception—every party has over litigated this case. The efforts of attorney John Guin, counsel for the successful recovery of Mountain Utilities' claim, set a high bar for comparison to those of the remaining counsel. Trial confirmed that the remaining parties did not change their behavior in response to the Court's pre-trial admonitions. This behavior warrants a ten percent reduction in attorney fees across the board.

### 1. AEC's Motion for Attorney Fees and Production 9 Fees

AEC requests $1,161,093.00 in attorney fees in addition to $167,454.88 in attorney fees for Production 9 late discovery by Wood. Dkts. 190, 260. As a prevailing party, AEC is entitled to attorney fees. The Court finds its counsel were well experienced and specialized in complex construction litigation, appearing regularly in the District of Idaho. The Court also finds that the hourly rates charged by AEC's counsel were reasonable in comparison to rates charged by skilled and experienced construction litigation counsel in the Spokane Metropolitan Statistical Area who regularly practice before the federal courts in North Idaho.

**MEMORANDUM DECISION AND ORDER ON ATTORNEY FEES - 4**

Because the case was over litigated, however, the attorney fee request for $1,161,093.00 is reduced by ten percent to account for the number of billers, hours expended, excessive motions practice, and introduction at trial of excessive numbers of exhibits with little explanation of the significance of many exhibits to issues presented at trial. The Court also asked to see the total fees and costs incurred by the Wood defendants and finds their total billings (some of which—document production specialists—were direct-billed to the client and total amounts are unknown to Wood's counsel) to be comparable to what the prevailing parties now seek to recover.

However, the Court does not reduce by ten percent the $167,454.88 sought for the amounts incurred in responding to the Production 9 issue. Any increased litigation costs associated with the Production 9 late discovery of 76,757 documents fall squarely in the lap of Wood and the Wood Sureties. As detailed in the Court's Finding of Facts and Conclusions of Law, Dkt. 248, some of the most damaging documentary evidence introduced at trial by the prevailing parties was wrongfully withheld by Wood from production until months after the close of discovery without satisfactory explanation. Memorandum Decision and Order of May 16, 2022, Dkt. 185, pp. 26–31. The Court will not shave anything off the amount AEC attests it cost to deal with the dereliction by the Wood defendants as an appropriate sanction they should suffer. Accordingly, the Court awards AEC

## CONCLUSION

In sum, the Court awards as reasonable and necessary the amounts to AEC of $1,044,983.70 in trial attorney fees in addition to $167,454.88 in discovery attorney fees for the Production 9 sanction for a total of $1,212,438.58.  The Court also awards Travelers $256,988.25 in attorney fees.  A Third Amended Judgment is filed contemporaneously with this order to reflect this statutory award for breach of contract claims to the prevailing parties' legal counsel.

**IT IS SO ORDERED.**

DATED: November 22, 2022

*Richard C. Tallman*

Richard C. Tallman
United States Circuit Judge