UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, for the use and benefit of MOUNTAIN UTILITIES, INC., a Washington corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FIDELITY AND DEPOSIT COMPANY OF MARYLAND, an Illinois corporation; ZURICH AMERICAN INSURANCE COMPANY, a New York corporation; AMERICAN HOME ASSURANCE COMPANY, a New York corporation; WOOD ENVIRONMENT & INFRASTRUCTURE SOLUTIONS, INC., a Nevada corporation; AMEC FOSTER WHEELER ENVIRONMENT & INFRASTRUCTURE, INC., a Nevada corporation; ANDERSON ENVIRONMENTAL CONTRACTING, LLC, a Washington limited liability company,<br><br>　　　　Defendants. | Case No. 2:19-cv-00293-RCT<br><br>**MEMORANDUM DECISION AND ORDER ON BILLS OF COST** |

　　The Court has before it Defendant Anderson Environmental Contracting's (AEC) Bill of Costs (Dkt. 261) and Third-Party Defendant Travelers Casualty and

Surety Company of America's (Travelers) Bill of Costs (Dkt. 264).[1] In addition to carefully considering the memoranda and declarations filed in connection with these motions, the Court entertained argument of counsel on November 21, 2022. The motions are ready for decision. For the reasons given below, the Court awards AEC $39,335.05 in costs and Travelers $7,990.15 in costs.

## LEGAL STANDARD

Parties are entitled to costs for a limited subset of litigation expenses incurred. 28 U.S.C. § 1920. These are: (1) fees of the clerk, (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case, (3) fees and disbursements for printing and witnesses, (4) fees for exemplification, and the cost of making copies of any materials where the copies are necessarily obtained for use in the case, (5) docket fees, and (6) compensation of court appointed experts and compensation of interpreters. *Id*. All costs must be supported by an itemization and documentation for requested costs in all categories. AO Form 133, Bill of Costs (District Court) at 1.

Expert witness fees are not recoverable as costs. *Crawford Fitting Co. v. J. T. Gibbons Inc.*, 482 U.S. 437, 445 (1987) ("We hold that absent explicit statutory

---

[1] In its Motion for Attorney Fees and Costs (Dkt. 260) AEC appears to be submitting its Motion for Attorney Fees and Costs (Dkt. 260) and Bill of Costs (Dkt. 261) on behalf of both itself and Travelers. However, Travelers submitted its own Motion for Attorney Fees (Dkt. 263) and Bill of Costs (Dkt. 264). Therefore, the Court construes AEC's submittals as filed only on its behalf. Travelers's motion is considered separately on its submittals.

MEMORANDUM DECISION AND ORDER ON BILLS OF COST - 2

or contractual authorization for the taxation of the expenses of a litigant's witness as costs, federal courts are bound by the limitations set out in 28 U.S.C. § 1821 and § 1920.") Expert witness fees are only recoverable if the court appointed the expert. *Ass'n of Flight Attendants, AFL-CIO v. Horizon Air Indus., Inc.*, 976 F.2d 541, 551–52 (9th Cir. 1992); 28 U.S.C. § 1920(6). AEC and Travelers conceded this authority controls at oral argument. Expert witnesses who testify at trial can recover their "normal travel expenses" and a "subsistence allowance" when an overnight stay is required. 28 U.S.C. § 1821(a)(1), (4), and (d)(1). But no such expenses were itemized in the parties' submissions.

## DISCUSSION

The parties' Bills of Costs are discussed in turn.

### I.   AEC's Bill of Costs

AEC seeks $412,983.56 in costs. (Dkt. 261) at 1. This number is comprised of $250 for fees of the clerk, $15,417.88 for transcripts necessarily obtained for use in the case, $31,121.00 for disbursements for printing, and $366,464.68 in other costs made up of expert fees, trial travel and meals, and postage. *Id*. For the reasons given below, the Court awards AEC a total of $39,335.05 in costs properly recoverable.

####   a. Fees of the Clerk

The Court awards AEC $250 for fees of the clerk. The Bill of Costs requires that parties "[a]ttach to your bill an itemization and documentation for requested

costs in all categories." (Dkt. 261) at 1.  AEC failed to do so.  However, because these are a fixed cost easily ascertained by the Court, the Court awards $250 for fees of the clerk.

### b. Transcripts

The Court awards AEC the $15,147.88 sought for fees for printed or electronically recorded transcripts necessarily obtained for use in the case.  Wood did not challenge this amount at argument.

### c. Printing Trial Exhibits and Hosting Fees

AEC next seeks $31,121.00 in fees and disbursements for printing.  This number is comprised of two separate categories of costs: the first is $7,183.83 in hosting fees and the second is $23,937.17 for trial exhibits.  (Dkt. 261) Ex. A. The Court awards only the $23,937.17 for trial exhibits because e-discovery fees, such as hosting fees, are not recoverable as costs under 28 U.S.C. § 1920.  *See In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 914, 925–30 (9th Cir. 2015).

### d. Other Costs Comprised of Expert Witness Fees, Trial Travel and Meals, and Postage

Finally, AEC seeks $329,936.61 in expert witness fees, $23,666.07 in trial travel and meals, and $599.50 in postage.  (Dkt. 261) Ex. A.  None of these costs are recoverable.  Expert witness fees are not recoverable as costs.  *Crawford*, 142 U.S. at 445.  AEC did not seek any permitted expert witness expenses, such as subsistence and travel, under 28 U.S.C. § 1821(a)(1), (4), and (d)(1).  Further, trial travel, meals, and postage are not recoverable costs under 28 U.S.C. § 1920.

Therefore, AEC is not entitled to costs for expert witness fees, trial travel and meals, or postage.

## II. Travelers Bill of Costs

Travelers seeks $216,404.73 in costs. (Dkt. 263, 264). This number is comprised of $500 for fees of the clerk, $7,490.15 for transcripts necessarily obtained for use in the case, $196,744.21 in expert witness fees, and $11,670.37 for an electronic document depository. *Id*. For the reasons given below, the Court awards Travelers a total of $7,990.15 in costs.

### a. Fees of the Clerk

The Court awards Travelers $500 for fees of the clerk.

### b. Transcripts

The Court awards Travelers $7,490.15 for transcripts.

### c. Expert Witness Fees

As discussed above, expert witness fees are not recoverable as costs. Travelers also failed to seek any permitted expert witness expenses, such as subsistence and travel, under 28 U.S.C. § 1821(a)(1), (4), and (d)(1). Therefore, Travelers is not entitled to expert witness fees, subsistence, or travel not properly requested.

//

//

//

### d. Electronic Document Depository

Finally, as previously discussed, e-discovery fees, such as electronic document depository fees, are not recoverable under 28 U.S.C. § 1920. Therefore, Travelers is not entitled to costs for its use of an electronic document depository.

## CONCLUSION

The Court awards AEC $39,335.05 in costs and Travelers $7,990.15 in costs.

**IT IS SO ORDERED.**

DATED: November 22, 2022

*Richard C. Tallman*

Richard C. Tallman
United States Circuit Judge